IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 18-3956 |
| | : | |
| v. | : | |
| | : | |
| STEPHANIE MOTTA, AS PARENT AND NATURAL GUARDIAN OF ZACH TRIMBUR, WALTER TRIMBUR, AS PARENT AND NATURAL GUARDIAN OF ZACH TRIMBUR, AND ZACH TRIMBUR, INDIVIDUALLY, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER TO COMPLAINT WITH COUNTERCLAIM

Defendants, Stephanie Motta and Walter Trimbur, as parents and natural guardians of Zach Trimbur, and Zach Trimbur, individually, by and through their undersigned counsel, hereby answer Plaintiffs' Complaint according to its numbered paragraphs and assert a counterclaim for declaratory relief as set forth herein.

1. Denied as conclusions of law.

2. Denied as conclusions of law.

3. Admitted in part; denied in part. Defendants admit that they reside in this judicial district and that the events at issue occurred in this judicial district. The remaining allegations are denied as conclusions of law.

4. Admitted.

5. Admitted.

6. Admitted.

-1-

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted. By way of further answer, Stephanie Motta and Walter Trimbur share physical custody of Zach Trimbur. Zach Trimbur resides part of the time with Stephanie Trimbur and part of the time with Walter Trimbur.

12. Admitted.

13. Denied as conclusions of law.

14. Admitted.

15. Admitted. By way of further answer, Stephanie Motta and Walter Trimbur share physical custody of Zach Trimbur. Zach Trimbur resides part of the time with Stephanie Trimbur and part of the time with Walter Trimbur.

16. Admitted.

17. Admitted.

18. Denied as conclusions of law.

19. Denied as conclusions of law and because the allegations are based on a document that speaks for itself.

20. Denied as conclusions of law and because the allegations are based on a document that speaks for itself.

21. Denied as conclusions of law and because the allegations are based on a document that speaks for itself.

The Toth Firm llc
18 Campus Boulevard, Suite 100
Newtown Square PA 19073
Telephone: (215) 695-5757

22. Denied as conclusions of law and because the allegations are based on a document that speaks for itself.

23. Denied. The allegations are based on a document that speaks for itself.

24. Admitted.

25. Admitted.

26. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

27. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

28. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

29. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

30. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

31. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

32. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

33. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

The Toth Firm llc
18 Campus Boulevard, Suite 100
Newtown Square PA 19073
Telephone: (215) 695-5757

34. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself. To the extent that the allegations are not based on the complaint in the Montgomery County action, the allegations are based on other documents that speak for themselves.

35. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

36. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself. To the extent that the allegations of this paragraph are not based on the allegations of the Montgomery County Complaint, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny these allegations in their entirety.

37. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself. To the extent that the allegations of this paragraph are not based on the allegations of the Montgomery County Complaint, Defendants admit only that the administrators of Springford High School suspended Zach.

38. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

39. Admitted in part; denied in part. Defendants admit that Julie Morath committed suicide. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the exact date on which Julia Morath committed suicide and, therefore, deny this allegation.

The Toth Firm LLC
18 Campus Boulevard, Suite 100
Newtown Square PA 19073
Telephone: (215) 695-5757

40. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

41. Denied as conclusions of law.

42. (a)-(j). Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

43. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

44. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

45. Admitted.

46. Denied. The allegations are based on a document that speaks for itself.

47. Denied. The allegations are based on a document that speaks for itself.

48. Denied. The allegations are based on a document that speaks for itself.

49. Denied. The allegations are based on a document that speaks for itself.

**COUNT I:  DECLARATORY RELIEF - OCCURRENCE**

50. Defendants incorporate by reference the averments of all preceding paragraphs of this Answer as if the same were fully set forth herein.

51. Denied. The allegations are based on a document that speaks for itself.

52. Denied. The allegations are based on a document that speaks for itself.

53. Denied as conclusions of law and because the allegations are based on a document that speaks for itself.

54. Denied as conclusions of law.

55. Denied as conclusions of law.

56. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

57. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

58. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

59. Denied as conclusions of law.

60. Denied as conclusions of law.

61. Denied as conclusions of law.

62. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself and are conclusions of law.

63. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself and are conclusions of law.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order declaring that State Farm has a duty to indemnify and defend Zach Trimbur.

**COUNT II: DECLARATORY RELIEF – INTENTIONAL ACTS EXCLUSION**

64. Defendants incorporate by reference the averments of all preceding paragraphs of this Answer as if the same were fully set forth herein.

65. Denied. The allegations are based on a document that speaks for itself.

66. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

The Toth Firm llc
18 Campus Boulevard, Suite 100
Newtown Square PA 19073
Telephone: (215) 695-5757

67. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself and are conclusions of law.

68. Denied.

69. Denied as conclusions of law.

70. Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order declaring that State Farm has a duty to indemnify and defend Zach Trimbur.

### COUNT III: DECLARATORY RELIEF – PUNITIVE DAMAGES EXCLUSION

71. Defendants incorporate by reference the averments of all preceding paragraphs of this Answer as if the same were fully set forth herein.

72. Denied. The allegations are based on the complaint in the Montgomery County action which speaks for itself.

73. Denied as conclusions of law.

74. Denied as conclusions of law.

75. Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order declaring that State Farm has a duty to indemnify and defend Zach Trimbur.

### COUNT IV: REQUEST FOR DECLARATORY RELIEF

76. Defendants incorporate by reference the averments of all preceding paragraphs of this Answer as if the same were fully set forth herein.

77. Denied as conclusions of law.

78. Denied as conclusions of law.

79. Denied as conclusions of law.

80. Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order declaring that State Farm has a duty to indemnify and defend Zach Trimbur.

## **COUNTERCLAIM**

## **COUNT I: DECLARATORY RELIEF**

81. Defendants incorporate by reference the averments of all preceding paragraphs of this Answer as if the same were fully set forth herein.

82. Counterclaim Plaintiff is Zach Trimbur, a minor, by and through through his parents and natural guardians, Stephanie Motta and Walter Trimbur.

83. Counterclaim Defendant is State Farm Fire and Casualty Company ("State Farm"), Plaintiff in this action.

84. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000.

85. State Farm issued Homeowners Policy No. 78-BJ-G772-7 to Stephanie Motta for the policy period of October 31, 2016 to October 31, 2017 ("Policy"). A true and correct copy of the Policy is attached to State Farm's Complaint as Exhibit "A" and incorporated by reference herein.

86. Counterclaim Plaintiff, Stephanie Motta, and Walter Trimbur were sued in the Court of Common Pleas of Philadelphia County, Pennsylvania in an action titled <u>Kurt Morath, in His Own Right and as Co-Administrator of the Estate of Julia Morath, a deceased minor, and</u>

<u>Stephanie H. Morath, in Her Own Right and as Co-Administrator of the Estate of Julia Morath, a deceased minor v. Zach Trimbur, a minor, Walter Trimbur and Stephanie Motta</u>, October Term, 2017, Civil No. 1197 ("Action"). A true and correct copy of the complaint in the Action is attached to Plaintiff's complaint as Exhibit "C" and is incorporated by reference herein.

87. On April 3, 2018, the parties to the Action filed a stipulation to transfer venue of the Action to the Montgomery County Court of Common Pleas.

88. The Action now is pending under the same caption at Montgomery County Court of Common Pleas Civil No. 2018-07945 ("Montgomery County Action").

89. State Farm is defending Counterclaim Plaintiff in the Montgomery County Action pursuant to a reservation of rights. A true and correct copy of the reservation of rights letter is attached to Plaintiff's Complaint as Exhibit "B" and incorporated by reference herein.

90. State Farm initiated this insurance coverage action seeking a declaration that it has no duty to indemnify or defend Counterclaim Plaintiffs in the Montgomery County Action.

91. Under Pennsylvania law, Julia Morath's suicide constitutes a covered occurrence under the Policy.

92. Julia Morath's suicide was neither expected nor intended by the insured, Zach Trimbur.

93. Julia Morath's suicide was not the result of willful or malicious acts of the insured, Zach Trimbur.

94. An actual controversy exists between the parties with respect to coverage under the Policy.

95. All parties have a claim or interest in the outcome of the declaratory relief sought by this counterclaim.

96. Counterclaim Plaintiff Zach Trimbur is entitled to a declaration that State Farm is obligated under the Policy to indemnify and defend him with respect to the claims set forth in the Montgomery County action.

WHEREFORE, Counterclaim Plaintiff, Zach Trimbur, respectfully requests that this Honorable Court enter an order declaring that Counterclaim Defendant, State Farm Fire and Casualty Company, has a duty to indemnify and defend Counterclaim Plaintiff.

Respectfully submitted,

THE TOTH FIRM LLC

_____/s/_____Kevin Toth_____
Kevin Toth, Esquire (PA I.D. # 82769)
Michael T. Blazick, Esquire (PA I.D. # 82511)
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Telephone: (215) 695-5757
Facsimile:  (215) 695-5543
E-mail:  kevin@tothfirm.com
             mike@tothfirm.com

Attorneys for Defendants

Dated:  October 22, 2018

**CERTIFICATE OF SERVICE**

I certify that on this date I caused to be served a true and correct copy of the foregoing Defendants' Answer to Complaint with Counterclaim via the Court's ECF system and via First Class United States Mail, postage prepaid, upon the following:

<u>Counsel for Plaintiff, State Farm Fire and Casualty Company</u>

Bradley J. Mortensen, Esquire
Elizabeth A. Sutton, Esquire
Victoria E. Allen, Esquire
Kennedys CMK, LLP
Two Liberty Place
50 S. 16th Street, Suite 2625
Philadelphia, PA 19102

                                              */s/   Kevin Toth*
                                         Kevin Toth, Esquire

Dated: October 22, 2018

The Toth Firm llc
18 Campus Boulevard, Suite 100
Newtown Square PA 19073
Telephone: (215) 695-5757